IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARL JEROME CAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2:04-CV-347 |
| | ) |
| ELGIN, JOLIET & EASTERN | ) |
| RAILWAY COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Count IV of the Amended Complaint or, in the Alternative Motion for a More Definite Statement, filed by Defendant, Elgin, Joliet & Eastern Railway Company, on April 5, 2005.[1]  For the reasons set forth below, the Motion to Dismiss is **DENIED**.  The Motion for a More Definite Statement is **GRANTED** and Plaintiff is **GRANTED** leave to supplement his claim by filing a second amended complaint within 21 days of the date of this order.

BACKGROUND

---

[1] On December 20, 2004, this Court entered an order granting a stipulation of dismissal for the claims against Defendants Transtar, Inc. and United States Steel Corporation.  Thus, the current motion is only made by Defendant, Elgin, Joliet & Eastern Railway Company.

Plaintiff, Earl Jerome Cain, brought an action against Defendant, Elgin, Joliet & Eastern Railway Company, alleging racial discrimination, harassment, retaliation, intentional infliction of emotional distress, and defamation. Defendant filed an original motion to dismiss Count IV of Cain's complaint on November 12, 2004. After filing the first motion to dismiss, Plaintiff then filed an amended complaint on December 2, 2004. Because an amended complaint supersedes the original complaint, in an order dated March 29, 2005, this Court denied as moot Defendant's initial motion to dismiss Count IV.

Defendant then filed the instant Motion to Dismiss Count IV of the Amended Complaint or, in the Alternative Motion for a More Definite Statement. Defendant represents that the parties agreed that this motion could be decided on the briefs previously submitted in support of the original motion to dismiss. The allegations at issue here are the same in the amended complaint and the complaint. Therefore, the Court will consider the briefs on the original motion to dismiss in ruling on the instant Motion to Dismiss Count IV of the Amended Complaint or, in the Alternative Motion for a More Definite Statement.

The present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) involves only Count IV of Plaintiff's amended complaint, for defamation. Plaintiff alleges that Defendant, through its employees, falsely accused Plaintiff of misconduct (specifically,

a safety violation in October 2002), and disciplined him for manufactured charges of malfeasance. (Am. Compl. ¶¶ 12, 15.) Plaintiff also alleges that Defendant accused him of fabricating a safety violation by a Caucasian employee. (Am. Compl. ¶¶ 13, 14.) Plaintiff was investigated for the alleged fabrication of the safety violation of the co-worker, and allegedly terminated for "dishonesty." (Am. Compl. ¶ 14.)

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Housing Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court may dismiss a complaint only if it appears beyond doubt the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, a court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Board of*

*Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that he does not plan to prove an essential element of his case. *Id.*

The thrust of Defendant's argument is that Plaintiff has failed to identify the specific words alleged to be defamatory and the circumstances surrounding the defamatory statements. According to Defendant, Count IV of the amended complaint must be dismissed for failure to state a claim because it does not meet the requisite level of specificity.

In response, Plaintiff argues that his defamation claim is indeed specific, and it sufficiently states a claim for defamation under Indiana law. Plaintiff points to the following allegations in the complaint: (1) "Cain was subjected to false accusations of misconduct and disciplined for trumped up charges of malfeasance. One of these false accusations was that Cain committed a safety violation in October 2002." (Am. Compl. ¶ 12); (2) Defendants "unjustly accused Cain of fabricating the safety violation by the white employees and directed Cain to appear for an 'investigation.'" (Am. Compl. ¶ 13); (3) "although witnesses corroborated Cain's statements concerning the safety violation committed by white employees, Defendants terminated Cain's employment for 'dishonesty.'" (Am. Compl. ¶ 14); and (4) "the

-4-

false accusation of a safety violation against Cain in October 2002 was ultimately dismissed in April 2004, but David Hill, the white supervisor who lodged the accusation, was not disciplined or investigated for making the accusation against Cain."  (Am. Compl. ¶ 16).  Plaintiff claims these allegations adequately support Count IV, in which Plaintiff alleges that the defamatory statements shared with third parties "accuse Cain of want of ability and want of integrity in his profession, and are slander and libel *per se*."  (Am. Compl. ¶ 41.)

Under Indiana law, the elements of a defamation claim are:  "(1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages."  *Trail v. Boys and Girls Club of Northwest Indiana*, 811 N.E.2d 830, 841 (Ind. Ct. App. 2004) (citation omitted).  "A statement is defamatory if it tends to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."  *Id.* (quoting *Gatto v. St. Richard Sch., Inc.*, 774 N.E.2d 914, 923 (Ind. Ct. App. 2002)).

A defamation claim is based on state law, however, federal pleading requirements are applicable when the claim is brought in federal court.  *See Muick v. Glenayre Elecs.*, 280 F.3d 741, 743 (7th Cir. 2002).  Rule 8(a) states that a complaint filed in federal court shall include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A

plaintiff need not spell out every element, but must merely provide notice of the claim to the defendant. *McCormick v. City of Chicago*, 230 F.3d 319, 323-24 (7th Cir. 2000). Additionally, although Defendant claims Plaintiff must allege more specific facts when alleging a cause of action for defamation, it is well settled that a defamation claim is not subject to Rule 9(b)'s heightened pleading requirements. *Magarl, L.L.C. v. Crane Co.*, No. IP 02-0478-C-T/L, 2004 WL 2750252, at *11 (S.D. Ind. Sept. 29, 2004).

Defendant has also moved, in the alternative, for a more definite statement of the defamation allegations. Rule 12(e) states that "[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).

<u>The Alleged Defamatory Statements Need Not Be Recited Verbatim in the Amended Complaint</u>

As indicated by the cases analyzed below, there is precedent among the district courts within this circuit that both supports and rejects an *in haec verba* pleading requirement for defamation cases. However, the current trend is to deny a motion to dismiss a defamation claim even if the alleged statements were not stated verbatim, so long as the complaint gives the defendant notice of the alleged statements and allows for the formation of an appropriate responsive pleading. *See, e.g., Wilton Partners III, LLC v. Gallagher*, No. 03 C 1519, 2003

WL 22880834, at *5-6 (N.D. Ill. Dec. 5, 2003) (denying motion to dismiss, but directing plaintiff to amend complaint to allege more precisely the context of the allegedly defamatory statements). Additionally, it seems clear that the trend is to deny a motion to dismiss even though the complaint does not state in detail the context in which the defamatory statements were made. *See*, *e.g.*, *Emery v. Northeast Illinois Reg'l Commuter R.R. Corp.*, No. 02 C 9303, 2003 WL 22176077, at *8 (N.D. Ill. Sept. 18, 2003) ("Courts recognize that plaintiffs may not be able to state precisely which defendant made which statement, or to whom, without the benefit of discovery.").

There are several district court decisions in this circuit that have required plaintiffs to allege the specific words that make up an allegedly defamatory statement. *See Derson Group, Ltd. v. Right Mgmt. Consultants, Inc.*, 683 F. Supp. 1224, 1229 (N.D. Ill. 1988) ("[D]efamation plaintiff does not satisfy the requirements of notice pleading unless he specifically alleges the words said to be actionable.") *(cited with approval in Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 933 (N.D. Ill. 2000)); *Silk v. City of Chicago*, No. 95 C 0143, 1996 WL 312074, at *34 (N.D. Ill. June 7, 1996) (dismissing claims where plaintiff failed to "recite the precise defamatory language"); *Appraisers Coalition v. Appraisal Institute*, 845 F. Supp. 592, 609 (N.D. Ill. 1994); *Vantassell-Matin v. Nelson*, 741 F. Supp. 698, 707 (N.D. Ill. 1990) (noting plaintiffs are required to recite the precise language alleged to be defamatory).  The

rationale for this *in haec verba* pleading requirement is that knowledge of the exact language used is necessary for the defendant to appropriately form a responsive pleading. *See Derson*, 683 F. Supp. at 1229.

In *Derson*, cited by Defendant, the plaintiff alleged that the defendant made false statements about Derson's business practices, but did not give a single example of a specific false statement. 683 F. Supp. at 1229. The court dismissed the claim, holding that the plaintiff was required to plead the specific words of the alleged defamatory statement. *Id.* (citing *Herbert v. Lando*, 603 F. Supp. 983, 990 (S.D.N.Y. 1985); *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)). However, *Derson* was criticized in *Hoth v. American States Ins. Co.*, 735 F. Supp. 290, 291-92 (N.D. Ill. 1990), where the court held that granting a motion for a more definite statement was the appropriate remedy, rather than granting an outright dismissal. The *Hoth* court held that the failure to plead the precise words of the defamatory statement was not enough to justify dismissal under Rule 12(b)(6), and instead treated the motion to dismiss as one for a more definite statement. *Id.*

There are also district court decisions within this circuit that have refused to impose an *in haec verba* pleading requirement in defamation cases, finding it sufficient if the plaintiff describes the alleged defamatory statement to sufficiently give defendant notice. *See, e.g., Guy v. Illinois*, 958 F. Supp. 1300, 1311-12 (N.D. Ill.

1997) (finding sufficient complaint that alleged "false comments to others, including her former co-workers, concerning her termination and the events leading to it"); *Lebow v. American Trans Air*, No. 91 C 8063, 1993 WL 389020, at *5 (N.D. Ill. Sept. 23, 1993), *rev'd on other grounds,* 86 F.3d 661 (7th Cir. 1996) (holding complaint in which the employer told other employees, the FAA, and plaintiff's prospective employers that he was an unsafe and incompetent pilot was sufficient to state a claim for defamation); *Richardson Elecs., Ltd. v. Video Display Corp.*, No. 89 C 3588, 1989 WL 117980, at *3 (N.D. Ill. Sept. 26, 1989) (holding that although "vague and general assertions will not sustain a claim for defamation," there does not need to be quotation marks around the disputed words).

More recent cases seem to tend towards not requiring the alleged defamatory statement to be quoted verbatim.  For example, in *Cozzi v. Pepsi-Cola General Bottlers, Inc.*, No. 96 C 7228, 1997 WL 312048, *5 (N.D. Ill. June 6, 1997), the complaint alleged defendant (plaintiff's previous employer), told plaintiff's potential employers that plaintiff's assets were frozen and seized, her car had been impounded, she had been taken away in handcuffs, and she was a thief. *Id.* at *6. The prospective employers were not named, and the complaint lacked details about to whom the statement was published, when the alleged publication occurred, and the specific substance of the statements. *Id.*  Although broad allegations such as these make it difficult for the defendant to respond, the court recognized the broad parameters

-9-

of Rule 8, and acknowledged that many details of a claim may not be available until after discovery.  *Id.*  Thus, the plaintiff was allowed to amend her complaint to add, to the extent of her knowledge, "details as to the speaker, recipient, timing, words, and context in which the alleged statements were made."  *Id.*

Similarly, the court in *Wilton Partners III,* reviewed case law and found that "alleged defamatory language need not be quoted verbatim."  2003 WL 22880834, at *5.  In that case, the complaint alleged defendants told several unspecified entities that plaintiffs "were engaged in illegal or wrongful conduct; misappropriated or stole information belonging to [plaintiff]; misrepresented themselves in proposals to one or more of the above-referenced entities or were otherwise lacking in business integrity." *Id*. at *3.  The court noted the allegations would be sufficiently specific if the defendant could understand the nature of the claim and form a responsive pleading. *Id.* at *5.  Thus, the plaintiff was ordered to amend the complaint "to allege more precisely the content of the allegedly defamatory statements, the context in which those statements were made, as well as the identities of both the speakers and the individuals to whom the statements were allegedly made."  *Id.* at *6 (footnote omitted).

*Socorro v. IMI Data Search, Inc.*, No. 02 C 8120, 2003 WL 1964269 (N.D. Ill. April 28, 2003), a case cited by Plaintiff, criticizes earlier Illinois district court cases that require verbatim pleading of defamation claims.  *See also Telewizja Polska USA, Inc. v. Echostar*

*Satellite Corp.*, No. 02 C 3293, 2004 U.S. Dist. LEXIS 20845, at *19-20 (N.D. Ill. Oct. 14, 2004) (voicing the same criticism).  In *Socorro*, plaintiff alleged his employer "repeated to third parties that Socorro was fired because he lied on his application and that he was a convict who had spent six months in jail."  2003 WL 1964269*,* at *1.  The court found the allegations gave adequate notice of the claims, and thus would not be dismissed even though they were vague, reasoning that "[w]ithout the benefit of discovery, it is not necessary for Socorro to state precisely who said what to whom."  *Id.* at *3(citing *Wynne v. Stevenson*, No. 02 C 5263, 2002 WL 31804497, at *2 (N.D. Ill. Dec. 13, 2002)).  The court went on to question whether cases in the district setting an *in haec verba* pleading requirement for defamation cases were consistent with the concept of notice pleading set forth in Rule 8.  *Id.*

On balance, this Court chooses to follow the recent trend, and holds that Plaintiff need not recite verbatim the specific words alleged to be defamatory.  So long as the complaint gives Defendant sufficient notice of the alleged statements and allows for formation of a response, it is sufficient to survive a motion to dismiss.

<u>The Allegations in the Amended Complaint Are
Sufficient to Withstand Dismissal</u>

Defendant also criticizes the allegations in the complaint for failing to specify "the time, place, publisher, recipient or content of the allegedly defamatory statements."  (Reply in Supp. of Def.'s

-11-

Mot. to Dismiss Count IV or in the Alternative Mot. for a More Definite Statement, p. 7.)  Plaintiff argues that Defendant has sufficient notice of the claims to fashion a response to the complaint, and that additional facts will surface during discovery. (Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss Count IV or in the Alternative Mot. for a More Definite Statement, p. 7.)

Defendant cites *Perry v. Hartz Mountain Corp.,* 537 F. Supp. 1387, 1391 (S.D. Ind. 1982), for the proposition that the complaint must state when the alleged statements were made.  In *Perry*, the complaint alleged plaintiff was defamed when the defendant stated he was "fired for stealing," but did not allege when, where, or to whom the statement was made.  *Id.*  The court dismissed the defamation claim with leave to amend, reasoning that "[u]nder the prevailing rule in the Seventh Circuit, averments of time and place are material elements of a claim." *Id.* (citing *Kincheloe v. Farmer*, 214 F.2d 604 (7th Cir. 1954)).  The court also noted that an amendment would allow the defendant a fair chance to evaluate questions involving statutes of limitations, conflict of laws and other threshold questions.  *Id.*

Plaintiff correctly points out that it is not necessary to specify the time the statements were made because the Seventh Circuit has rejected the notion that Plaintiffs have to plead facts related to timeliness.  *See Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993) (holding a rule requiring plaintiff to plead timeliness of a claim is not appropriate because "a plaintiff

is not required to negate an affirmative defense in his complaint."). In this case, the amended complaint alleges the initial statements were made in October 2002, and that Plaintiff was harassed through January and February 2003.  Therefore, Defendant likely has enough information to analyze any possible statute of limitations issues.

For purpose of the motion to dismiss, the allegations sufficiently state a claim for defamation.  Defendant's arguments that the allegations do not sufficiently set forth who made the statements and to whom, do not justify dismissal.  Such an argument (that the allegations did not sufficiently set forth to whom an alleged defamatory statement was made), was rejected in *Chisholm v. Foothill Capital Corp.*, 940 F. Supp. 1273, 1284 (N.D. Ill. 1996).  There, the plaintiff alleged defendant told a business associate that plaintiff was "double dealing" with another company and that she was terminated for such conduct.  Defendant argued the failure to specify the name of the "business associate" or date on which the statement was made was grounds for dismissal.  *Id.* at 1284-85.  The court stated that it was sufficient that plaintiff pled the substance of the allegedly defamatory statements, and the exact details could be gained later through discovery.  *Id.* at 1285.

Similarly, dismissal was denied in *Luttrell v. O'Connor Chevrolet, Inc.*, No. 01 C 979, 2001 WL 1105125, at *1 (N.D. Ill. Sept. 19, 2001), even though the complaint did not state who made the statements or to whom they were made.  In *Luttrell*, the complaint

-13-

alleged that after being fired in retaliation for complaining about sexual harassment, a fellow employee said that plaintiff was sleeping with the manager and had stolen money from her employer. The court ruled the complaint was not deficient even though it did not state who made the statements or to whom they were made. *Id.* at *5-6 (citing *Pelech v. Klaff-Joss, LP*, 828 F. Supp. 525, 534 (N.D. Ill. 1993) (holding there is no need to plead who made the statements or to whom they were made); *Chisolm*, 940 F. Supp. at 1285; *Guy,* 958 F.Supp. at 1312).

In *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 161 F. Supp. 2d 876, 881 (N.D. Ill. 2001), the complaint alleged that defendants sent a letter to the real estate community in Chicago stating that plaintiffs had been involved in criminal activity, but the recipients of the letters were not specified. The court found this was not enough to warrant dismissal, reasoning the defendant could get clarification through discovery. *Id.* at 882 (citing *Chisholm*, 940 F. Supp. at 1284). Generally, the specificity requirement for pleading regarding defamatory statements relates to the content of the remarks, not who published the statements and to whom they were published. *Id.*

Allegations were also found sufficient in *Magarl, LLC v. Crane Co.*, No. IP 02-0478-C-T/L, 1:03-CV-01255-JDT-TW, 2004 WL 2750252, at *10 (S.D. Ind. Sept. 29, 2004), where the complaint alleged that defendants made statements to plaintiff's customers and potential

customers that he violated federal law and that his products did not meet certain standards. The court held that this was an adequate allegation of defamation, as defamation claims are not subject to Rule 9(b)'s heightened pleading standard. *Id.* at \*11.

Again, these cases all reflect the trend in this circuit to deny a motion to dismiss even if the alleged statements are not stated verbatim, or the speaker or recipient of the statement is not specifically alleged, so long as the complaint gives notice of the alleged statements and allows for a responsive pleading. *See, e.g., Wilton Partners III*, 2003 WL 22880834, at \*5. Also, the trend is to deny a motion to dismiss even though the complaint does not state the specific context in which the statements were made. *See*, *e.g.*, *Emery*, 2003 WL 22176077, at \*8.

Returning to the facts in this case, there are at least two specific defamatory statements alleged in Count IV. One is that Defendant, through its employees, told third parties that Plaintiff committed a safety violation, which was allegedly made in October 2002. (Am. Compl. ¶¶ 12, 15.) The other is that Defendant, through its employees, accused Plaintiff of fabricating a safety violation by a Caucasian employee. (Am. Compl. ¶¶ 13, 14.) Plaintiff alleges these statements were told to third parties. (Am. Compl. ¶ 41.) These are two rather specific allegedly defamatory statements, and this Court finds Defendant has sufficient notice of the substance of the defamation claim. Therefore, the Motion to Dismiss Count IV is

denied. *See Socorro*, 2003 WL 1964269, at *3 (denying dismissal where allegation was specific enough to permit defendant to understand the nature of the claim).

A More Definite Statement is Required

Although it is clear the allegations relating to defamation survive dismissal, the Court is not convinced that they were made with the requisite specificity. Defendant argues it cannot respond to whether the statements were made, if they are false or true, or if a privilege is available.

The question remains whether the Court should grant the Motion for a More Definite Statement, or alternatively, to allow any ambiguity in the allegations to be clarified during discovery. Although district courts in this circuit favor denying dismissal of claims when the context of the allegedly defamatory statements is not pled, they differ on whether to grant a motion for a more definite statement or to allow discovery to resolve these issues. *Compare Emery*, 2003 WL 22176077 at *8 (instructing plaintiff to supplement her claims to include specific facts "to the extent she has such knowledge"), *with Luttrell,* 2001 WL 1105125, at *6 (stating discovery is available for defendants to find out the context of the alleged defamation).

In fairness to Defendant, this Court finds it appropriate to grant the Motion for a More Definite Statement and give Plaintiff 21

-16-

days to include additional facts regarding the context of the allegedly defamatory statements, such as who actually made the statements, to whom they were made, and the specific time they were made, to the best of Plaintiff's knowledge.  Also, Plaintiff should attempt to plead more specifically the content of the statements.  The Court does, however, recognize that some of these facts may only be attainable through discovery.

CONCLUSION

For the aforementioned reasons, the Motion to Dismiss is **DENIED**.  However, the Motion for a More Definite Statement is **GRANTED**.  Plaintiff is **GRANTED** 21 days to allege a more definite statement in a second amended complaint.

**DATED:  May 3, 2005**          S/RUDY LOZANO, Judge
                                 **United States District Court**