UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EARL JEROME CAIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO.: 2:04-CV-347-RL |
| v. ) | |
| ) | |
| ELGIN, JOLIET & EASTERN RAILWAY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel [DE 27], filed by the Plaintiff, Earl Jerome Cain, on June 24, 2005. The Defendant filed a response on July 11, 2005, and the Plaintiff filed a reply on July 19, 2005. On August 4, 2005, the Defendant filed a Supplemental Opposition to Plaintiff's Motion to Compel.

The Plaintiff, an African American, is employed by Defendant Elgin, Joliet & Eastern Railway, a railway operating in the city of Chicago, Illinois, and certain parts of Indiana. On August 19, 2004, the Plaintiff filed a Complaint, and on December 2, 2004, the Plaintiff filed an Amended Complaint. The Amended Complaint alleges racial discrimination and racial harassment, retaliation, intentional infliction of emotional distress, and defamation. The Plaintiff alleges that he was subjected to discrimination because of his race and was subjected to retaliation when he complained about the alleged discrimination, both in violation of 42 U.S.C. § 1981 and Title VII.

The Plaintiff served on the Defendant interrogatories and requests for production of documents. The Plaintiff has received supplemental responses, but the parties are still unable to reach an agreement on the proper scope of discovery and whether the discovery responses

tendered by the Defendant to date are adequately responsive.  As a result, the Plaintiff has filed a motion to compel discovery.  Specifically, the Plaintiff has moved to compel responses to Interrogatories 1, 2, 7, 9, and 10 and the production of documents set forth in Requests for Production 3, 6, 51, and 52-54.

District courts have broad discretion in matters relating to discovery.  *See Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 646-47 (7th Cir. 2001); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).  Federal Rule of Civil Procedure 26 provides that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).  Discovery is relevant if it appears reasonably calculated to lead to the discovery of admissible evidence. *Id*.

Generally, in Title VII cases, the scope of discovery may be broad, extending to documents and information pertaining to data regarding the workforce, such as information regarding non-party employees in the plaintiff's workplace.  *See Pleasants v. Allbaugh*, 208 F.R.D. 7, 9 (D.D.C. 2002); *Minority Employees at NASA (MEAN) v. Beggs*, 723 F.2d 958, 962 (D.C. Cir. 1983) ("It is well established that statistical data and comparative information concerning an employer's treatment of minorities is relevant evidence in an individual discrimination claims against [an] employer.").  "Even though this broad scope is given, however, courts remain concerned about 'fishing expeditions, discovery abuse, and inordinate expenses involved in overbroad and far ranging discovery requests.'" *Pleasants*, 208 F.R.D. at 9 (quoting *Hardick v. Legal Servs. Corp.*, 96 F.R.D. 617, 618 (D.D.C. 1983)).  Accordingly, the Court's duty is to balance discovery so that it is neither overly restrictive nor unduly

burdensome. In reaching this balance in the present case, the Court considers both the Plaintiff's need to assess the treatment of similarly situated employees in the Defendant's work place and the Defendant's treatment and termination of minorities and nonminorities. The Court also considers the Defendant's responses to other claims of race discrimination with the Defendant's concerns of providing discovery for a reasonable time period related to the decision makers involved in the Plaintiff's termination and the Plaintiff's local work unit and as well as avoiding the burden of searching hundreds of documents for irrelevant information.

As an initial matter, all of the discovery requested by the Plaintiff and ordered by the Court shall be produced for a period beginning five years prior to the date of the Plaintiff's termination in 2003. *See Tomanovich v. Glen*, Cause No. IP 01-1247 C Y/K, 2002 WL 1858795. *2 (S.D. Ind. Aug. 13, 2002) (holding that a period of five years is reasonable in a case alleging disparate treatment in which a plaintiff may use statistical evidence to establish a prima facie case of discrimination) (citing cases); *Byers v. Illinois State Police*, No. 99 C 8105, 2002 WL 1264004, *2-3 (N.D. Ill. June 3, 2002) (limiting discovery to five years); *Leibforth v. Belvidere Nat. Bank*, No. 99 C 50381, 2001 WL 649596, *2 (N.D. Ill. June 8, 2001) (limiting interrogatory responses to five years preceding the alleged discriminatory act). Accordingly, the discovery shall be produced as of 1999. The Court recognizes that for many interrogatories, the Plaintiff has already agreed to limit the time period from 1999 to the present.

As to all remaining issues, the Court will address each interrogatory and request for production raised in the Plaintiff's Motion to Compel in turn.

1.  Other Employees

First, the Court considers those disputed interrogatories and requests for production that the Plaintiff has identified as discovery that seeks information regarding other employees of the Defendant, including personnel files.

*a. Interrogatory No. 1*

Interrogatory No. 1 provides:

> Identify every person employed by Defendant at its Gary, Indiana location at any time during the years 1997 to the present, and for each such person state the following:
> a) Name;
> b) Date of hire;
> c) Date of separation from Defendant's employ, if any;
> d) Reason for separation from Defendant's employ;
> e) Race; and
> f) All positions held with dates each position was held.
> Please state whether any of the above is available in computer readable form and if so, please produce all information responsive to this inquiry on compact disc media in ASCII (text delimited) or Microsoft Access format.

Interrogatory No. 1 seeks general information about employees located at the Defendant's Gary, Indiana location, the Plaintiff's work place. The Defendant objects to this interrogatory as overbroad and burdensome and argues that the interrogatory seeks information which is irrelevant and immaterial to this case. The Plaintiff argues that this information is needed to determine 1) who similarly situated employees may be; 2) whether the Defendant has a pattern of terminating minority employees; 3) the identity of potential witnesses; and 4) whether the Defendant has ever terminated an employee for the same reason it allegedly terminated the Plaintiff.

In this case, the Plaintiff has stated claims of discrimination, harassment, and retaliation under 28 U.S.C. § 1981 and Title VII. The Plaintiff requests information on every person

4

employed by the Defendant at its Gary, Indiana location from 1999 to the present. This information would allow the Plaintiff to do a statistical analysis of employees located within the same workplace as him. Gathering this information is relevant in order to enable the Plaintiff to conduct his own statistical analysis regarding certain employees and the Defendant's workforce in general. The Seventh Circuit has stated that: "[i]n a pattern or practice disparate treatment case, statistical evidence constitutes the core of a plaintiff's prima facie case." *Bell v. Envtl. Prot. Agency*, 232 F.3d 546, 553 (7th Cir. 2000); *see also Guerrero v. Ashcroft*, 253 F.3d 309, 315-16 (7th Cir. 2001) ("We have found statistical evidence to be admissible and helpful in disparate treatment cases . . . ."); *Tomanovich*, 2002 WL 1858795 at *3. However, this statistical evidence is limited to employees who were similarly situated to the Plaintiff. Additionally, the information requested by the Plaintiff is relevant for the purpose of performing an analysis of the Defendant's employment practices. *Leibfort*, 2001 WL 649596 at *1 (holding that information relating to the dates of employment of employees under and over the age of forty relevant for the purpose of performing an analysis of defendant's employment practices). This information, however, must not be overly broad and unduly burdensome to the Defendant.

When investigating an individual complaint of discrimination, the appropriate focus of discovery is upon the individual's local employing unit or work unit rather than upon company-wide information. *See, e.g., Carman v. McDonnell Douglas Corp.*, 114 F.3d 790, 792 (8th Cir. 1997); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir.1991); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077 (11th Cir. 1990); *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978); *EEOC v. Packard Elec. Div., Gen. Motors Corp.*, 569 F.2d 315, 318 (5th Cir. 1978); *Byers*, 2002 WL 1264004 at *1; *Epling v. UCB Films, Inc.*, Nos. 98-4226, et al., 2001 WL 584355, at *4 (D. Kan. Apr. 2, 2001); *Obiajulu v. City of Rochester, Dept. of Law*, 166

5

F.R.D. 293, 296 (W.D.N.Y. 1996); *Miles v. Boeing Co.*, 154 F.R.D. 117, 120-21 (E.D. Pa. 1994); *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1489 (D.S.C. 1991).

More specifically, examining the pool of "similarly situated" employees will assist in determining whether discrimination has occurred. To determine whether employees are "similarly situated" under the *McDonnell Douglas* burden-shifting analysis, the Seventh Circuit looks at "whether the employees dealt with the same supervisor and were subject to the same standards." *See Patterson*, 281 F.3d at 680 (internal quotation marks omitted). The Court finds that the appropriate scope of discovery, at this stage of the litigation,[1] for identifying similarly situated individuals and a pattern of discrimination is those employees who worked in the same units or departments within which the Plaintiff worked–the employees who worked in the mechanical and transportation departments at the Gary, Indiana location. *See Tomanovich*, 2002 WL 1858795 at *3 (holding that the discovery should not be limited to those employees supervised by the plaintiff's supervisor who made the decision to terminate the plaintiff because the supervisor had only been with the company for two months and two months' worth of discovery would limit the plaintiff's ability to demonstrate a pattern of discrimination); *Obiajulu*, 166 F.R.D. at 296.[2] Notably, the Plaintiff has already agreed to limit his request for

---

[1] The information discovered does not need to be admissible, but only must be reasonably calculated to lead to the discovery of admissible evidence. *See Byers*, 2002 WL 1264004 at *2 ("Discoverable information is not limited to that which would be admissible at trial. Information is relevant for purposes of Rule 26 if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

[2] The Defendant has identified seven individuals–T.D. Williams, J.J. Barry, S.C. Kelley, C.C. Collins, K.J. Francis, D. Hill, and J. Juriss–who were the Plaintiff's supervisors and has identified Gerald Carr as the only individual involved in the decision to terminate the Plaintiff. However, it is not clear from the documents available to the Court whether the Plaintiff's seven supervisors all work within the mechanical and transportation departments or whether these supervisors are the only supervisors in the mechanical and transportation departments. In light of the Plaintiffs' agreement to limit Interrogatory No. 2 to the mechanical and transportation departments, the Court finds this departmental limit, rather than a limit based on the Plaintiff's supervisors, reasonable, for the purposes of discovery.

Interrogatory No. 2 to the employees in the mechanical and/or transportation departments at the Gary, Indiana location.

Although the Defendant asserts in response to the motion to compel Interrogatory No. 2 that this departmental limitation "does little to reduce the oppressive nature of this request," the Defendant provides no numerical support for this assertion.  Moreover, once the Defendant has initially identified this group of individuals, the Defendant will be able to compile the information for any additional interrogatories or document requests from the same files, obviating the need to again comb through all the employee files in order to respond to each discovery request.  By so limiting the discovery, the Plaintiff will have a broad enough group of coworkers from which to do the requisite statistical analysis and from which to argue who are the similarly situated employees and the Defendant will not be burdened with searching its records for irrelevant information.

Accordingly, the Court grants the Plaintiff's motion to compel a response to Interrogatory No. 1 to the extent it seeks the enumerated information for employees who worked in the mechanical and transportation departments at the Gary, Indiana location from 1999 to the present and orders that the Defendant respond to Interrogatory No. 1 in accordance with this order on or before September 19, 2005.

b. *Interrogatory No. 2*

Interrogatory No. 2 provides:

State whether any EJ&E employee, including, but not limited to employees in the mechanical and transportation departments at the Gary, Indiana location, was voluntarily or involuntarily terminated at any time for the years 1997 through the present and for each such person, state the following:
      a)    Name;
      b)    Address;
      c)    Race:

    d)  Date of termination;
    e)  Reason for termination;
    f)  Whether any warning was given or progressive discipline
       was instituted prior to termination, and if so, state the action taken;
    g)  Person(s) involved in decision to terminate the employee; and
    h)  State each person(s) role in the termination.

  Interrogatory No. 2 seeks information related to the reasons for the termination of the Defendant's employees. The Defendant initially objected to this interrogatory as overbroad and burdensome, and that it is irrelevant and immaterial to this case. The Plaintiff later agreed to change the date from 1997 to 1999 and to limit the request to employees in the mechanical and/or transportation departments at the Gary, Indiana location. Subsequently, the Defendant supplemented its initial response by providing a list of the Defendant's employees whose employment was terminated from 2002 to the present as well as the reasons. Additionally, in those instances in which termination was not voluntary on the part of the employee, the race of the employee was provided. The Plaintiff continues to seek full responses to the interrogatory for the employees in the mechanical and transportation departments at the Gary, Indiana location from 1999 to the present.

  The information in Interrogatory No. 2 is relevant and helpful in determining whether there was a pattern of discriminatory conduct. *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) ("It is well settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory explanation."). In this case, information regarding the termination, voluntary or involuntary, of certain employees is relevant to determine whether a pattern of discrimination has occurred. *See Hollander*, 895 F.2d at 84. The Plaintiff alleges that he was discriminated against due to his race and in retaliation for complaining about race discrimination.

Information that shows how other employees were treated and the circumstances of the employees' termination is relevant. Therefore, the Court finds that the same limits on discovery set forth in the analysis of Interrogatory No. 1 are applicable to Interrogatory No. 2. In addition, the Plaintiff is entitled to make his own statistical determinations from the raw data without being limited to the statistical analysis compiled by the Defendant. Therefore, the information provided in the response to Interrogatory No. 2 provided by the Defendant is self-selected and too narrow for the purposes of discovery. However, the Court finds that the Defendant's objections to subparts g and h as nebulous are reasonable and will require further clarification by the Plaintiff to the Defendant as to the scope of the requests in subparts g and h.

Accordingly, with regard to Interrogatory No. 2, the Court grants the Plaintiff's Motion to Compel to the extent the employees worked within the mechanical or transportation departments at the Gary, Indiana location from 1999 to the present and orders that the Defendant comply with this ruling on or before September 19, 2005. The Court further orders the Plaintiff to specify to the Defendant the information requested in subparts g and h of Interrogatory No. 2 on or before September 9, 2005.

*c. Interrogatories Nos. 9 & 10*

>Interrogatory No. 9 provides:
>
>Identify all employees who reported safety violations or other misconduct of other employees from 1997 to the present. For each such employee identified, state the following:
>
>>a) name of employee who reported the safety violation(s) or other misconduct;
>>b) race of the employee who reported the safety violation(s) or other misconduct;
>>c) name of employee(s) alleged to have committed a safety violation or engaged in other misconduct;
>>d) the nature of the safety violation or misconduct reported;
>>e) date the report was made;

    f)  whether the report resulted in any discipline against the employee alleged to have committed a safety violation or other misconduct; and

    g)  the nature of any discipline taken against the employee alleged to have committed a safety violation or other misconduct.

Interrogatory No. 10 provides:

For any employee identified in response to Interrogatory No. 9 who reported safety violations or other misconduct of other employees, state whether any form of disciplinary action was ever taken against such employee from 1997 to the present. If any form of disciplinary action was taken, state the following:
  a)  name of employee against whom disciplinary action was taken;
  b)  the reason(s) disciplinary action was taken against the employee;
  c)  the nature of any discipline taken against the employee;
  d)  the date disciplinary action was taken against he employee; and
  e)  current status of the employee who was disciplined.

  Interrogatories Nos. 9 and 10 seek information regarding other employees who reported safety violations or other misconduct of other employees. The Defendant objected to this interrogatory on the basis that it is overbroad, unduly burdensome, vague, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of relevant evidence. More specifically, the Defendant asserts that it does not have a centralized file containing this information and collecting the information would require the Defendant to review the file for all 700 current employees and hundreds of files of former employees. Again, the Plaintiff agreed to change the start date of the requested time period from 1997 to 1999, and it was agreed that the request was only relevant to employees in the mechanical and/or transportation departments at the Gary, Indiana location. The Defendant has not provided the Plaintiff with any responsive information for this interrogatory.

10

"Where plaintiff seeks information to make [his] case that there was a pattern of discrimination within [his] division, discovery will be permitted to the extent that it is tied to the allegations in [his] complaint." *Pleasants*, 208 F.R.D. at 15. Here, one of the Plaintiff's allegations is retaliation. Interrogatories Nos. 9 and 10 are relevant for the purpose of determining whether the Plaintiff was treated the same as other employees who reported safety violations or other misconduct and, thus, whether the Plaintiff was unlawfully retaliated against due to his race. *See Abel v. Merrill Lynch & Co.*, 1993 WL 33348, *1 (S.D.N.Y. 1993) (stating that other charges of discrimination are relevant and disclosure may well lead to the discovery of admissible evidence tending to show a pattern and practice of discrimination against minority employees). The information should be restricted, however, to "similarly situated" employees, or employees who are located in the mechanical or transportation departments at the Gary, Indiana location. The Court adds the additional limitation of those individuals who were supervised by the Plaintiff's past supervisors–T.D. Williams, J.J. Barry, S.C. Kelley, C.C. Collins, K.J. Francis, D. Hill, J. Juriss, or Gerald Carr.

To the extent that the Defendant argues it will have to look through every file, as the Court notes above, it is logical that once the Defendant has done an initial review of all its personnel files, it will have identified those employees who worked for the Gary mechanical and transportation departments from 1999 to the present. From that point forward, for all other interrogatories and requests for production, the Defendant will have only those files to consider and review. In addition, the Defendant argues that it has 435 individuals in the mechanical and transportation departments; however, those numbers include both the Indiana and Illinois locations. The Defendant has not informed the Court of the number of employees in the mechanical and transportation departments at the Gary, Indiana location only.

Accordingly, the Court grants the Plaintiff's Motion to Compel responses to Interrogatories Nos. 9 and 10 to the extent the employees worked within the mechanical or transportation departments at the Gary, Indiana location from 1999 to the present and were supervised by one or more of the Plaintiff's supervisors–T.D. Williams, J.J. Barry, S.C. Kelley, C.C. Collins, K.J. Francis, D. Hill, J. Juriss, or Gerald Carr.  The Court orders the Defendant to respond to Interrogatories 9 and 10 on or before September 19, 2005.

*d.  Document Requests Nos. 3 & 6*

Document Request No. 3 provides:

All documents that constitute, refer to, or relate to Defendant's performance evaluations of any person employed by Defendant within the mechanical and transportation departments at the Gary, Indiana location, from January 1, 1997 to the present, including, but not limited to those in managerial and/or supervisor positions.

Document Request No. 6 provides:

The personnel file of all employees of the mechanical and transportation departments at the Gary, Indiana location from 1997 to the present, including those in managerial and/or supervisory employees, and further including, but not limited to, the personnel files of the following:
      a)     Plaintiff;
      b)     T.D. Williams;
      c)     G.W. Carr;
      d)     John Juriss;
      e)     Dave Hill;
      f)     Kenneth Francis;
      g)     Richard Leyba; and
      h)     Don Dombrowski

Request No. 3 seeks performance evaluations whereas Request No. 6 seeks personnel files for certain individuals employed or previously employed by the Defendant.  With the exception of the Plaintiff's personnel file, the Defendant objects to these requests because they are vague, overbroad, and burdensome and seek information that is irrelevant and immaterial to this case.  In addition, the Defendant objects to Request No. 3 because the Defendant does not conduct

performance evaluations on employees who are members of the Union and who are subject to the collective bargaining agreement. The Plaintiff later agreed to limit the request for performance evaluations in Request No. 3 to performance evaluations for T.D. Williams, J.J. Barry, S.C. Kelly, C.C. Collins, K.J. Francis, D. Hill, J. Juriss, S.C. Chambers, and G.W. Carr. The Defendant has agreed to provide the evaluations of the decision makers it alleges are at issue in this case–G.W. Carr and D. Hill. In Request No. 6, the Plaintiff continues to seek the personnel files of all employees in the mechanical and transportation departments at the Gary, Indiana location.

Personnel files, and the performance evaluations that are likely contained therein, contain highly relevant information that would greatly assist the Plaintiff in conducting discovery. *See Tomanovich*, 2002 WL 1858795 at *6-7 (holding that plaintiff was entitled to the production of personnel files for individuals who were employed in the same position as the plaintiff for a defined period of time); *Spina v. Forest Preserve of Cook County*, No. 98 C 1393, 2001 WL 1491524, *3 (N.D. Ill. Nov. 23, 2001) (ordering production of personnel files of individual defendants who complained of discrimination); *Wright v. Hollywood Casinos*, No. 01 C 4704, 2002 WL 989457, *2 (N.D. Ill. May 14, 2002) (holding that the plaintiff was entitled to personnel files of employees who held the same job as the plaintiff). The production of these personnel files "will also assist [the Plaintiff] in establishing a prima facie case of race . . . discrimination since [he] must show that similarly situated employees outside [his] protected class received more favorable treatment in . . . disciplinary action, and termination . . . ." *Tomanovich*, 2002 WL 1858795 at *7 (citing *Stockett v. Muncie Indiana Transit Sys.*, 221 F.3d 997, 1000-02 (7th Cir. 2000) (holding that to establish a prima facie case of discrimination, a plaintiff must demonstrate that another person, similarly situated but not of the protected class, was treated more favorably)).

First the Court considers the performance reviews and personnel files of the Plaintiff's supervisors.  The Defendant argues that it need only provide the performance evaluations of Carr and Hill because they are the only supervisors who played a "role in the decisions at issue in this case."  However, the Defendant listed other supervisors of the Plaintiff in its discovery responses–T.D. Williams, J.J. Barry, S.C. Kelly, C.C. Collins, K.J. Francis, J. Juriss, and S.C. Chambers–and it is not clear from the Defendant's use of the phrase "decisions at issue in this case" whether it is alluding only to the decision to terminate the Plaintiff or whether it is also alluding to the discrimination and harassment that the Plaintiff alleges.  Because the Plaintiff has brought claims of harassment and discrimination in addition to retaliation, the Court finds that discovery of the performance reviews and personnel files of  T.D. Williams, J.J. Barry, S.C. Kelly, C.C. Collins, K.J. Francis, J. Juriss, and S.C. Chambers as well as Hill and Carr is appropriate.  *See Hill v. Motel 6*, 205 F.R.D. 490, 495 (S.D. Ohio 2001) ("Such information will tend to illuminate whether or not [certain supervisors] held a [race] bias against those [they] supervised, and is therefore relevant and discoverable under Rule 26(b)(1) to the Plaintiff's claims and to the subject matter of [this] action.").

Next, the Court considers the request for personnel files of all employees of the mechanical and transportation departments at the Gary, Indiana location.  In light of the substance of the Plaintiff's claims, the Court finds that the personnel files of other employees in the mechanical and transportation departments are only relevant as to those employees in the mechanical and transportation departments who were terminated from 1999 to the present, who complained of race discrimination from 1999 to the present, or who reported safety violations or other misconduct of other employees from 1999 to the present.

Accordingly, the Court grants the motion to compel a response to Requests Nos. 3 and 6 as to T.D. Williams, J.J. Barry, S.C. Kelly, C.C. Collins, K.J. Francis, D. Hill, J. Juriss, S.C. Chambers,

and G.W. Carr. The Court further grants the motion to compel a response to Request No. 6 as to the employees in the mechanical and transportation division at the Gary, Indiana location who were terminated from 1999 to the present, who complained of race discrimination from 1999 to the present, or who reported safety violations or other misconduct of other employees from 1999 to the present. The Court orders the Defendant to respond to Document Request Nos. 3 and 6 on or before September 19, 2005.

Nevertheless, the Plaintiff is not entitled to overly broad discovery of these performance reviews and personnel files. One of the concerns with producing personnel files is privacy. *See Tomanovich*, 2002 WL 1858795 at *7. For example, employees' social security numbers and tax information are highly private information and serve no purpose when contained in personnel files for purposes of cases similar to the present one. *See id*. (concluding that Plaintiff may discover the requested personnel files absent any social security number which may be redacted or otherwise protected by an appropriate protective order). In addition, the Plaintiff in this case is a current employee who continues to work along side many of the employees whose files may be disclosed. Accordingly, in preparing an appropriate privilege log for these documents, at a minimum to address the redacted social security numbers and tax information, the Defendant may also consider redacting other information it considers highly sensitive and not relevant to the Plaintiff's claims, such as supervisory employees' rates of pay, benefits information, information about family members, etc. and providing an adequate description of the redacted material so that counsel for the Plaintiff can assess its relevancy. In some instances in which the Plaintiff contests whether the information is relevant or not, the Defendant may wish to designate those contested portions of the personnel files as for "attorney's eyes only" or with some similar indicia of confidentiality and proceed to allow Plaintiff's counsel only to review the documents. The Court encourages the parties to resolve any

such conflicts without further resort to the Court. However, the Defendant may submit an agreed proposed protective order for the Court's signature for the protection of the personnel files.

e. *Document Request No. 51*

Document Request No. 51 provides:

All documents which reflect the compositions of Defendant's work force by race, including but not limited to the race of all levels of management, from January 1, 1997 to the present.

Request No. 51 is submitted for the purpose of ascertaining the racial composition of the Defendant's work force. The Plaintiff agreed to limit the foregoing request to the time period 1999 to the present; however, the Defendant objects on the grounds that the request is overbroad and burdensome, and seeks irrelevant information. The Defendant argues that the inclusion of management in this request is overbroad because the Defendant's employment of minority managers is irrelevant to the Plaintiff's claims of termination from a bargaining unit, non-management unit. The Defendant has not produced any documents in response to this request.

Statistical evidence regarding the effect of employer practices is relevant to the Plaintiff's claim. *Abel*, 1993 WL 33348 at 2. The Supreme Court has acknowledged the difficulty of accumulating statistical evidence but has stated that "liberal civil discovery rules give plaintiffs broad access to employers' records in an effort to document their claims." *Wards Cove Packing Co. v. Atonio*, 490 U.S. 642, 657 (1989). Although the Plaintiff was not in a management position himself, the discovery of the racial composition of the entire work force, including management, may lead to admissible evidence, which is the standard at the discovery stage of litigation. Moreover, Request No. 51 is seeking documents already in existence and does not require the Defendant to compile any additional information or statistics.

16

Accordingly, with regard to Document Request No. 51, the Court grants the Plaintiff's Motion to Compel only to the extent that it seeks documents that reflect the composition of the Defendant's work force at its Gary, Indiana location by race, and is limited to the time period from 1999 to the present with the additional conditions set forth above.  If the Defendant does not have any such documents limited only to the Gary, Indiana location but does have such documents reflecting the racial composition of the Defendant's work force for all locations, the Defendant is ordered to provide the documents as to the entire company.  The Court orders the Defendant to respond to Document Request No. 51 on or before September 19, 2005.

2. Other Claims of Race Discrimination

The Court now turns to those disputed interrogatories and requests for production that address other claims of race discrimination against the Defendant.

*a. Interrogatory No. 7*

Interrogatory No. 7 provides:

Identify every employee of Defendant who made an informal (internal) or formal complaint of race discrimination and/or retaliation (including retaliation for other complaints of discrimination, such as gender or age discrimination), whether or not those specific words were used, from 1997 to the present.  This request is not limited to written complaints.  For each such person state the following:
- a) Name of complaining employee;
- b) Race and/or national origin of complaining employee;
- c) Name of person(s) against whom complaint was made;
- d) The person(s) or entity to whom the complaint was made;
- e) Describe the complaint;
- f) Whether an investigation was conducted;
- g) Whether any action was taken in response to the complaint;
- h) The current employment status of the complaining employee;
- I) The current status of the complaint;
- j) The date and terms of any settlement or judgment; and
- k) Whether the complaining employee alleged retaliation as a result of making the complaint.

In addition to Interrogatory No. 7, the Plaintiff seeks information about other complaints of race discrimination and retaliation through certain Document Requests. These requests are as follows:

> Document Request No. 52:
> All complaints of race discrimination or retaliation against Defendant from 1997 to the present including but not limited to union grievances, IDHR or EEOC charges, calls and/or reports to human resources, calls and/or reports to managers or supervisors, written or verbal statements, internal memoranda, informal complaints, formal complaints, and federal and state lawsuits.
>
> Document Request No. 53:
> All documents that constitute, refer to or relate to any complaint(s) whatsoever made or filed against Defendant since January 1, 1997, regarding any discriminatory acts, or potentially discriminatory acts, allegedly taken by Defendant against any of its employees.
>
> Document Request No. 54:
> All documents that constitute, refer to, or relate to any investigation conducted by or at the direction of Defendant of any employee charges and/or complaints of discrimination or retaliation, from the years 1997 to the present, including, but not limited to statements, notes, memoranda, or reports relating to any such charges and/or complaints.

Interrogatory No. 7 and Document Requests Nos. 52, 53, and 54 seek information regarding other complaints of race discrimination and/or retaliation and the manner in which each complaint was handled. The Defendant objects to Interrogatory No. 7 as overbroad and burdensome and argues that it seeks irrelevant and immaterial information. The Defendant did identify four employees who filed charges of discrimination with the Gary Human Relations Commission or the EEOC from 2002 to the present. Subsequently, the Defendant supplemented its response by eliminating two of the names previously produced.

In his complaint, the Plaintiff has pleaded a claim of race discrimination based on disparate treatment, hostile work environment, and retaliation, which include an allegation that the Defendant's reason for terminating him was merely a pretext for racial discrimination. "It is in

18

plaintiff's demonstration of pretext that other complaints of racial discrimination become relevant." *Heyne v. Caruso*, 69 F.3d 1475, 1480 (9th Cir. 1995) (holding that evidence of sexual harassment of other employees was relevant to rebut employer's proffered reason for terminating plaintiff); *see also Tomanovich*, 2002 WL 1858795 at *7; *Davis v. Precoat Metals, a Div. of Sequa Corp.*, No. 01 C 5689, 2002 WL 1759828, *2 (N.D. Ill. July 29, 2002) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973)); *Byers*, 2002 WL 1264004, *9 (N.D. Ill. June 3, 2002). "[S]uch discovery may reveal the existence of patterns of [race] discrimination." *Barfoot v. Boeing Co.*, 184 F.R.D. 642, 644 (N.D. Ala. 1999).

Clearly, the Plaintiff is entitled to discover information and documents regarding previous complaints or charges of race discrimination and complaints or charges of retaliation, informal or formal, filed against the Defendant by employees at the Defendant's Gary, Indiana location. However, informal or formal complaints of other types of discrimination are not relevant and not discoverable. Furthermore, the Defendant has not set forth any rational basis for limiting such disclosures to the time period from 2002 to the present. The relevant time period, as set forth above, is 1999 to the present.

Accordingly, with regard to Interrogatory No. 7 and Document Requests Nos. 52, 53, and 54, the Court grants the Plaintiff's Motion to Compel for all complaints of race discrimination or retaliation filed against the Defendant from 1999 to the present by employees employed at the Gary, Indiana location, but not limited to the mechanical or transportation departments. The Court orders the Defendant to respond to Interrogatory No. 7 and Document Requests Nos. 52, 53, and 54 on or before September 19, 2005.

## CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion to Compel [DE 27]. The Court **ORDERS** that the Defendant produce the documents and answer the interrogatories served by the Plaintiff in accordance with this Order.

SO ORDERED this 2nd day of September, 2005.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATE DISTRICT COURT

cc:  All counsel of record